OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 16, 1972, and he maintains an office in Rochester. In March 2016, the Grievance Committee filed a petition alleging against respondent two charges of professional misconduct. Charge one alleges that, for an extended period of time, respondent failed to pay in a timely manner various state and federal tax obligations. Charge two alleges that respondent failed to cooperate in the investigation of the Grievance Committee. Although respondent filed an answer denying material allegations of the petition, the parties subsequently executed a stipulation resolving all factual issues. Respondent thereafter appeared before this Court and submitted matters in mitigation.
In relation to charge one, respondent admits that, from 1986 through 2014, he failed to pay in a timely manner almost all of his state and federal personal income tax obligations and certain federal payroll withholding taxes, resulting in numerous state and federal tax liens being filed against him. Respondent also admits that, at the time the instant petition was filed, he had failed to satisfy seven of the federal tax liens totaling $317,870.35.
In relation to charge two, respondent admits that, from September to December 2015, he responded to several requests from the Grievance Committee for information regarding the circumstances surrounding the tax liens at issue in charge one without volunteering details about the extent to which a former client had assisted respondent in obtaining a loan to satisfy the liens.
With respect to charge one, we conclude that respondent’s failure, over an extended period of time, to pay in a timely manner his various tax obligations constitutes conduct that adversely reflects on his fitness as an attorney in violation of *15 rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Although the Grievance Committee also contends that such conduct constitutes conduct prejudicial to the administration of justice in violation of rule 8.4 (d), we decline to sustain that alleged violation inasmuch as the record does not establish that respondent sought to thwart through improper means collection of the taxes or enforcement of the liens.
With respect to charge two, we decline to sustain the charge in its entirety inasmuch as the record reflects that respondent actively participated in the disciplinary process and responded to the Grievance Committee’s requests for information and documentation (see Matter of Galasso, 19 NY3d 688, 695-696 [2012]). The record also does not establish that respondent’s failure to volunteer certain information resulted in prejudice to the investigation.
We have considered, in determining an appropriate sanction, respondent’s submissions in mitigation, including that he filed all tax returns in a timely manner and was never the subject of an audit or adversarial tax proceeding. We have additionally considered that he recently satisfied the seven aforementioned federal liens. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.
Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ., concur.
Order of censure entered.